ON APPLICATION FOR REHEARING

PER CURIAM.
The successors of Keith Lachney have applied for a rehearing on two grounds. The rehearing is denied.
In their application for rehearing the appellants call our attention to a misquotation on our original opinion in which we incorrectly quoted a portion of the hearing officer’s written reasons for judgment. The appellants are correct. Moreover, the quotation was incomplete. We have corrected our original opinion accordingly. In order to fully clarify our opinion we set forth here the full text of paragraph seven of the hearing officer’s written reasons for judgment together with a concluding paragraph pertinent to the subject of the hearing officer’s opinion concerning Mr. Lachney’s pain:
“7. I do feel the claimant is truthful in his testimony regarding living with pain[,] but I do also feel that this is due largely to his refusal to undergo the surgery recommended by Dr. McKay and suggested by Dr. Lowrey and Dr. Anders.
“I understand Mr. Lachney fears; however, I have never heard any doctor guaranteeing results. I can certainly understand Dr. McKay’s refusal to guarantee Mr. Lachney that he would be free from pain or be returned to his previous condition. For Mr. Lachney not to want to recover as far as medical science could bring him, knowing his condition could only deteriorate, and living with the pain he has described simply doesn’t add up.”
Counsel further complains in the application for rehearing that the video tape taken by the investigator who testified concerning Mr. Lachney’s potato harvesting activities does not depict Mr. Lachney but rather a black man attempting to mow his lawn. Counsel is correct. The video tape quite obviously is not a tape which shows activity of Mr. Lachney. The hearing officer *52 could not have relied on the tape because it would have been obvious to her, as it is to us, that the tape introduced into evidence was not the correct tape. At the time that the video tape was introduced at the hearing, no objection was made to the admission of the tape in evidence. Plaintiffs counsel advises in the application for rehearing that he did not review the tape until the defense rebuttal brief was filed.
It is our conclusion that the hearing officer evidently relied solely on the testimony of the investigator. The video tape must be disregarded. We see no reason why the testimony of the investigator should be invalidated because of his clear error in furnishing the wrong tape at the hearing. We cannot draw an implication from the error that the investigator either did not tape Mr. Lachney’s potato harvesting activities or that he falsified his testimony.
Rehearing denied.